**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Covington Division**

| | |
|---|---|
| IN RE: | |
| | **Chapter 13** |
| **EDMUND P. RICHARDSON and** | **Case No. 09-22956** |
| **SARAH ANNE RICHARDSON,** | **Judge Tracey N. Wise** |
| **Debtors.** | |
| | |
| **BEVERLY M. BURDEN, Chapter 13 Trustee** | |
| **for Estate of Edmund P. Richardson, II and** | |
| **Sarah Anne Richardson,** | **Adversary No. 11-2042** |
| **Plaintiff,** | |
| vs: | |
| **EDMUND P. RICHARDSON, II, et al.,** | |
| **Defendants.** | |

**MEMORANDUM OPINION**

The only remaining claim in this adversary proceeding is against defendant, Bonnie J. Richardson ("Bonnie"), the mother of Debtor, Edmund P. Richardson, II ("Edmund Richardson"). In her Complaint, Beverly M. Burden, the Chapter 13 Trustee ("Trustee"), asserts that Edmund Richardson and his wife, Sarah Anne Richardson (together with Edmund Richardson, the "Debtors"), made a fraudulent or preferential transfer of real estate located at 24 Midway, Ft. Thomas, Ky. ("Real Property") to Bonnie Richardson within one year of the Debtors filing their chapter 13 petition.

Prior to reaching a decision on the Trustee's assertions under §§ 547 and 548 of the Bankruptcy Code, the Court must decide two threshold issues: (i) What interest, if any, did the Debtors possess in the Real Property at the time it was transferred to Bonnie Richardson, and (ii) What was the value of that interest, if any, at the time of transfer. The Trustee asserts that at the time of transfer Debtors held fee simple title to the Real Property valued at $80,000. Bonnie Richardson

asserts that the Debtors held only bare legal title to the Real Property, that Debtors held the Real Property in an express trust solely for Bonnie's benefit, and that the Debtors' interest in the Real Property had no monetary value.

The Court conducted a trial on these issues on April 25, 2013.  Upon consideration of the parties' stipulation of facts, testimony and exhibits admitted into evidence, including the deposition of Edmund Richardson,[1] as well as the arguments of the counsel, the Court finds that judgment will be entered in favor of Bonnie Richardson and the Complaint dismissed.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the reference of bankruptcy cases from the United States District Court for the Eastern District of Kentucky pursuant to Local Rule 83.12.  Venue is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H).

## FACTS

The parties' Joint Stipulation of Facts [Doc. 76] sets forth the following facts:

1.    Bonnie Richardson is the mother of Edmund Richardson.

2.    On June 21, 2005, Bonnie Richardson gave Edmund Richardson $30,000.

3.    On or about June 30, 2005, the Real Property was conveyed to Edmund Richardson by Barbara E. Clem and Steven G. Taylor, unrelated third parties.  That deed is recorded in Campbell County Deed Book 687, page 639.

4.    The purchase price of the Real Property was $80,000.

5.    Edmund Richardson paid $28,000 for the down payment on the Real Property, and a $1,000 deposit.

---

[1] At the beginning of the trial counsel for the Trustee made an oral motion to continue the trial due to the unavailability of Edmund Richardson as a witness.  Due to counsel's failure to properly subpoena Edmund Richardson pursuant to Federal Rule of Civil Procedure 45, incorporated into bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9016, the motion was denied.  The parties agreed, however, that the deposition testimony of Edmund Richardson would be admitted into evidence.

6. The $28,000 down payment on the Real Property was made using the $30,000 that Bonnie Richardson gave to Edmund Richardson.

7. The balance of the purchase price for the Real Property was financed.

8. On or about April 4, 2008, Bonnie Richardson paid off the mortgage on the Real Property in the approximate amount of $52,310.

9. On or about January 23, 2009, Debtors conveyed the Real Property to Bonnie Richardson evidenced by a deed recorded on February 10, 2009, in Campbell County Deed Book 720, page 407.

10. The Debtors filed their petition for relief under chapter 13 of the Bankruptcy Code on November 13, 2009.

11. The transfer of the Real Property was made by Debtors to Bonnie Richardson within one year of the commencement of Debtors' bankruptcy case.

12. The present value of the Real Property according to the Campbell County Property Value Assessor is $80,000. No appraisals have been performed. The home is insured to a value of $80,000.

The Court finds the following additional facts based on the evidence at trial:

At the time the Real Property was purchased, the intent of Bonnie Richardson and Edmund Richardson was that the Real Property belonged to and was owned by Bonnie. The sole reason title to the Real Property was put in her son's name was that Bonnie was unable to obtain credit in her own name. In 2005, Bonnie was divorced, in a bad financial situation, her prior residence had been sold, she needed a place to live, and couldn't get a loan. Bonnie, not the Debtor, chose the Real Property that she wanted to purchase. She provided the deposit and down payment from the sale proceeds of her prior residence estate (approximately $31,000) which she obtained through her divorce settlement on or about June 15, 2005. Bonnie continuously lived at the Real Property, and paid all real estate taxes, utilities, and maintenance expenses. She also made all mortgage payments either

by direct payment to the mortgagee or by reimbursement to her son.[2] Bonnie paid for all improvements to the Real Property including hardwood floors and new windows.

Bonnie paid off the balance of the mortgage loan ($52,310) in April 2008, from funds she received in settlement of a personal injury claim. The record reflects that on or about October 15, 2007, Bonnie Richardson received approximately $79,500 from that settlement. She wired the mortgage payoff funds from her account directly to the mortgagee. Bonnie explains the delay in receiving the deed to the Real Property following the mortgage payoff as resulting from her son's busy work travel schedule; specifically, that his job in the electronics profession required him to "travel the world" working on machines. There was no evidence to the contrary.

Bonnie credibly testified that none of the payments she made toward purchase of the Real Property, including the deposit, down payment, monthly mortgage payments or the mortgage payoff, were made as a gift to Edmund Richardson. The evidence, including the deposition testimony of Edmund Richardson, overwhelmingly proves Bonnie's contention that both she and her son considered and agreed from the outset that Bonnie was the sole owner of the Real Property.

## ANALYSIS

The Trustee contends that the transfer of the Real Property to Bonnie Richardson is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b) and/or that it can be avoided as a constructively fraudulent transfer pursuant to § 548(a)(1)(B)[3] and/or Kentucky Revised Statutes §§ 378.010 and/or 378.060. The Trustee also asserts that once the transfer is avoided, § 550(a) provides that she may recover the property or its value for the benefit of the bankruptcy estate.

Section 547(b), the "Preference" provision of the Bankruptcy Code, provides that in certain

---

[2] At some point during the term of the financed loan, Edmund Richardson, "to protect his credit", began making the Real Property payments directly to the mortgagee, and required Bonnie to reimburse him, which she did.

[3] The Trustee specifically stated that she is not asserting that the transfer was made with the actual intent to hinder, delay or defraud creditors under § 548(a)(1)(A). Kentucky Revised Statute § 378.010 also requires "intent to delay, hinder or defraud creditors, purchasers or other persons" and is likewise inapplicable to this case.

4

circumstances stated therein, the trustee may avoid any transfer of an *interest of the debtor in property* made to an insider within one year before the date of filing of the debtor's petition. 11 U.S.C. § 547 (emphasis added).

Section 548, entitled "Fraudulent transfers and obligations," provides that the "trustee may avoid any transfer ... of an *interest of the debtor in property*," made within two years before the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange for such transfer and was insolvent at the time of the transfer or became insolvent as a result of the transfer. 11 U.S.C. § 548(a)(1)(B) (emphasis added).

Similarly, 11 U.S.C. § 544(b) permits a trustee to avoid a transfer by a debtor that is voidable under applicable state law. The Trustee here argues that Kentucky Revised Statute § 378.060 provides an alternative or additional method for her to avoid the transfer of the Real Property to Bonnie Robinson as a preferential transfer under Kentucky law. Consistent with §§ 547 and 548 of the Bankruptcy Code, § 544(b) requires that the transfer to be avoided is "of an interest of the debtor in property."

Thus, each of the asserted avoidance provisions requires that the transfer sought to be avoided must have been a transfer of an "interest of the debtor in [the] property." 11 U.S.C. §§ 544, 547, 548. This requirement has generally been construed to mean that the interest transferred would have been property of the estate if the transfer had not occurred:

> Section 548's phrase "an interest of the debtor in property" has generally been held to be the equivalent of "property of the estate." Put another way, not all transfers are within section 548's scope; only those that affect property that would have been property of the estate but for the transfer.

5 COLLIER ON BANKRUPTCY ¶ 548.03[2][a] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.). "Property of the estate" is defined as:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

5

11 U.S.C. § 541(d). In this case, Bonnie asserts that her son never held any interest in the Real Property because Edmund Richardson held title for her benefit through an oral express trust. A person who holds property in trust for another's benefit does not have an equitable interest in that property. *Stevenson v. J.C. Bradford & Co. (In re Cannon)*, 277 F.3d 838, 849 (6th Cir. 2002) ("'the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate'") (quoting *Begier v. IRS*, 496 U.S. 53, 58, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990). Therefore, if Bonnie Richardson's contentions are correct and the Debtor merely held legal title to the Real Property in trust for Bonnie, the Plaintiff/Trustee cannot avoid the transfer of the Real Property to her under §§ 544, 547 or § 548. "[I]f the debtor who is a trustee of an express trust, . . . transfers that property prepetition, the transfer would not be avoidable under section 548, as it would not be a transfer 'of the debtor's interest in property.'" 5 COLLIER ON BANKRUPTCY ¶ 548.03[2][c]; *accord, In re Baskett*, 219 B.R. 754, 762 (B.A.P. 6th Cir. 1998) (property held by a debtor as trustee pursuant to an express trust is not property of the bankruptcy estate).

State law, in this case Kentucky law, governs the validity of the alleged express oral trust and whether the Debtor has an interest in the Real Property. *See Sicherman v. Campbell, (In re Campbell)*, Nos. 05-18477, 05-1500, 2006 WL 4458364, *3 (Bankr. N.D. Ohio June 7, 2006) (citing and quoting *Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S. Ct. 1386 (1992) (noting that under bankruptcy code "'property' and 'interests in property' are creatures of state law")); *see also In re Cannon*, 277 F.3d at 839 (involving § 548 allegations of fraudulent transfer and applying state law to find no interest of the debtor in trust fund property).

The burden of proof is on Bonnie to establish the existence of an express trust by clear and convincing evidence. *Wilson v. St. Clair*, 286 S.W.2d 554, 556 (Ky. App. 1955). "The evidence is to be closely scrutinized and carefully weighed by the courts." *Horn v. Horn*, 562 S.W.2d 319, 320 (Ky. App. 1978). A trust agreement can be shown by the conduct of the parties. *See Wilson,* 286 S.W.2d at 556.

6

The facts in *Wilson* are similar to those in the case *sub judice*. There, a father attempted to purchase real estate on which he intended to convert the existing building into apartments with the intent of providing him with a stream of income from the rents. However, he was unable to obtain a loan due to the incompetency of his wife and her inability to sign a mortgage. Therefore, his daughter and son-in-law obtained a loan and title to the real estate was put in their names. The father made all payments on the loan, reported the rents received on his income tax returns, and assumed complete and actual control of the property.[4] The father later became incompetent and the daughter began collecting the rents for her own account. Suit was brought by a sibling for a determination of the ownership of the real estate. In finding that the daughter and son-in-law held the real estate as trustees of an express trust, the Kentucky Court of Appeals stated:

> We have a very strong conviction that there was a definite understanding and agreement that the daughter and son-in-law should merely take title and they or the survivor hold title in substitution of and as an agent or trustee of her father. We have no doubt he reposed confidence in her that she would so regard it and not repudiate it or claim otherwise, even though the term 'trust' was not mentioned or the legal relationship recognized.
>
> . . .
>
> It is true that there is no testimony to the effect that it was expressly stated by [the father] at the time he voluntarily placed this real property in his daughter's name that she was to hold the property in trust. The circumstances under which the deed was made to her and her husband, however, and the after conduct of the parties, strongly indicate there was such a trust agreement. We are merely holding that an express trust in realty may be expressed by conduct or implied from the conduct of the parties subsequent to the transaction by which the trust is allegedly created and from circumstances surrounding that transaction, even though there is no direct testimony to the effect that a trust was intended to be created at the time.

*Wilson,* 286 S.W.2d at 556-57.

The court in *Wilson* also considered the applicability of § 381.170 which provides:

> When a deed is made to one (1) person, and the consideration is paid by another no use or trust results in favor of the latter unless the grantee takes a deed in his own name without the consent of the person paying the consideration. . . . Such deeds

---

[4] Unlike the case *sub judice*, the real estate in *Wilson* was purchased as rental property. Consistent with that purpose, the receipt of the rents rather than using the Real Property as a residence showed that the father assumed control of the real estate

7

are fraudulent as against the existing debts and liabilities of the person paying the consideration.

KY. REV. STAT. § 381.170.   The court found that although the father voluntarily permitted title to the property to be placed in his daughter's name, the statute did not apply where there was clear and convincing evidence that legal title to the real estate would be held in trust for the benefit and use of the person who furnished the consideration for purchasing the real estate.  *Id.*  The statute is intended to abolish a resulting trust and does not apply when there is an express parol agreement establishing a trust.   *Horn*, 562 S.W.2d 319.

Moreover, there is no requirement that such a trust agreement be in writing.   The Kentucky Statute of Frauds does not preclude the finding of an express trust.   *See Horn*, 562 S.W.2d at 320 ("[T]he section of the Statute of Frauds, which provides that all trust of land [as opposed to contracts to sell or lease land] must be in writing, has never been adopted in the Commonwealth of Kentucky."). The language of the Kentucky Statute of Frauds in effect at this time, KRS 371.010 is the same as it was in the 1978 version upon which the decision in *Horn* is based.

Here the evidence is clear and convincing that the Real Property was titled to Edmund Richardson solely for the benefit of his mother.  She invested the equity from the sale of her prior home as a down payment, paid the monthly mortgage payments, improvements, real estate taxes and maintenance expenses on the Real Property.  Significantly, the proceeds from the settlement of her personal injury lawsuit went to pay off the mortgage.   Bonnie Richardson stated without hesitation that she made all these payments because she owned the Real Property and it was her home.   She assumed complete control over the Real Property.

## CONCLUSION

By clear and convincing evidence, Bonnie Richardson has shown that the Real Property was held solely for her benefit by Edmund Richardson as trustee of an express oral trust.   As such, the Debtor held only bare legal title to the Real Property and the Real Property would not have been property of the estate but for the transfer.   The transfer of the bare legal title to the Real Property did

not constitute a transfer of an interest of the Debtor in property and is not subject to avoidance by the Plaintiff/Trustee.  The foregoing constitutes the Court's findings of fact and conclusions of law.  A separate judgment shall be entered.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, May 30, 2013
(tnw)**